UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

— — — — — — — — — — — — — — — — — —X

UNITED STATES OF AMERICA

    - against —

WILLIAM CASTRO,
    a/k/a William Javier Castro Lopez
    a/k/a "Speack"
                Defendant.

— — — — — — — — — — — — — — — — — —X

ORDER OF JUDICIAL REMOVAL

Criminal Docket No. 25 Cr. 17 (DEH)

Upon the application of the United States of America, by Benjamin Burkett, Assistant United States Attorney, Southern District of New York; upon the Factual Allegations in Support of Judicial Removal; upon the consent of William Castro (the "defendant"); and upon all prior proceedings and submissions in this matter; and full consideration having been given to the matter set forth herein, the Court finds:

1.     The defendant is not a citizen or national of the United States.

2.     The defendant is a native and citizen of the Dominican Republic.

3.     The defendant entered the United States on or about October 21, 2022 at San Luis, Arizona without having been admitted or paroled.

4.     At the time of sentencing in the instant criminal proceeding, the defendant will be convicted in the United States District Court, Southern District of New York, of the following offenses: conspiracy to distribute and possess with intent to distribute 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B).

5.     A total maximum sentence of 40 years' imprisonment may be imposed for the above-mentioned offense.

6.     The defendant is subject to removal from the United States pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act of 1952, as amended ("Act" or "INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General; Section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime; Section 212(a)(2)(A)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a violation of (or a conspiracy or attempt to violate) any law of regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 802 of Title 21); and Section 212(a)(2)(C)(i) of the Act, 8 U.S.C. § 1182(a)(2)(C)(i), as an alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in Section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so..

7.     The defendant has waived his right to notice and a hearing under Section 238(c) of the Immigration and Nationality Act of 1952, as amended, (the "Act" or "INA"), 8 U.S.C. § 1228(c).

8.     The defendant has waived the opportunity to pursue any and all forms of relief and protection from removal.

9.  The defendant has designated the Dominican Republic as the country for removal pursuant to Section 240(d) of the Act, 8 U.S.C. § 1229a(d).

WHEREFORE, IT IS HEREBY ORDERED, pursuant to Section 238(c) of the Act, 8 U.S.C. § 1228(c), that the defendant shall be removed from the United States promptly upon his release from confinement, or, if the defendant is not sentenced to a term of imprisonment, promptly upon his sentencing, and that the defendant be ordered removed to the Dominican Republic.

Dated:  New York, New York
       January 16,  2026

HONORABLE DALE HO
UNITED STATES DISTRICT JUDGE